IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JESSICA MARY ROTHERMEL,<br>Debtor | : <br> : <br> : | Chapter 7 <br><br> Case No. 07-21363 |

| | | |
|---|---|---|
| IN RE: JESSICA MARY ROTHERMEL,<br>Plaintiff<br><br>v.<br><br>SALLIE MAE, INC., and<br>ECMC,<br>Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adversary No. 07-2093 |

## **MEMORANDUM OPINION**

In this Memorandum Opinion, I will consider the motion for summary judgment filed by the defendants in this adversary proceeding. Because I find a genuine issue of material fact whether repayment of Mrs. Rothermel's loans will create an undue hardship, I deny the motion for Summary Judgment.

## **PROCEDURAL BACKGROUND**

Debtor, Jessica Mary Rothermel ("Debtor"), filed her petition to discharge her student loans from Sallie Mae, Inc. ("Sallie Mae") under Chapter 7 on August 16, 2007. Debtor's complaint claimed a monthly income of $1,293 and monthly expenses of 1,555.05, creating a negative income of $262.05 per month.

On March 14, 2008, Education Credit Management Corporation ("ECMC") moved to join as a party Defendant, which I granted on April 9, 2008. ECMC then filed the present motion for summary judgment, on April 23, 2008, claiming that Debtor could

not show "undue hardship" under § 523(a)(8) of the Bankruptcy Code because Debtor has at least $121.50 in disposable income per month after subtracting $1,114.30[1] in expenses from an income of $1,235.80[2] per month. Debtor's brief in response then alleged her expenses exceeded her income by $46.67[3] after subtracting $1,292.05[4] in expenses from a monthly income of $1,245.38.[5]

## DISCUSSION

A motion for summary judgment is governed by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56, which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). The absence of a genuine issue of material fact is evident if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, even if the non-moving party has the burden of proof at trial, the party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact in its summary judgment motion by showing that the non-moving party cannot establish an essential element of its claim

---

[1] How defendants arrive at this number is unclear.
[2] This figure is based on the income statement provided by Debtor through discovery, indicating a biweekly income of $617.9 by adding net income ($574) plus local tax ($6.92) plus federal withholdings ($35.56). Additionally, ECMC also suggested Debtor's income is $20,411.00 per year by multiplying gross income listed in the income statements ($785.05) by fifty two weeks. Defendants also suggested a third possible monthly income as $1,688.86 based on Schedule I of Debtor's bankruptcy schedules before deductions.
[3] This should possibly be $56.67, see note 5.
[4] This is a total of all expenses listed in the expense statements dated January 10, 2008 except for medical insurance.
[5] It is unclear how Debtor calculates an income of $1,245.38 unless the amount is actually $1235.38 as explained in note 2, and there is a typographical error.

or that there is insufficient evidence to do so. Celotex v. Cartrett, 477 U.S. 317, 323-25 (1986).

Here, Debtor's claim that payment of her student debt will impose an undue hardship under 11 U.S.C. §523(a)(8)(B) obligates Debtor to prove her claim in paragraph 15 of her complaint that she will be unable to establish a "minimal" standard of living if forced to repay her student loans. Pennsylvania Higher Education Assistance Agency v. Faish, 72 F.3d 298, 304 (3d Cir. 1995). Debtor is also required to show that this state of affairs is likely to persist for a significant period of time, and that Debtor has made good faith efforts to repay the loans. Id.

Although Debtor, the non-moving party, will have the burden of proof at trial, ECMC is responsible in its summary judgment motion for showing that Debtor cannot establish an element of its claim. Celotex, 477 U.S. at 323-25. I find that ECMC has not met its burden of showing no genuine issue of material fact. ECMC has not successfully shown Debtor can maintain a minimal standard of living while repaying the loans. Most significantly, the parties are in apparent disagreement whether Debtor has a negative or positive income, and ECMC has not shown that its calculations, as opposed to Debtor's calculations, are correct. Furthermore, I find a genuine issue of material fact exists in Debtor's expenses because the monthly and yearly columns of Debtor's expense report are not in sync.[6] In fact, the ambiguity in the calculations highlighted above also reveal a genuine issue of material fact. ECMC has therefore not shown Debtor will be unable to prove an essential element of its claim. For this reason I will deny Defendant ECMC's motion for summary judgment in the accompanying Order.

---

[6] For example, monthly and yearly total are both listed as $193.91 for "special needs," and fuel is listed as $20 monthly and $180 yearly, although 12 times 20 equals 240, not 180.